HARRY C. BOYLE, *alias* HARRY C. RODGERS, *alias* JOHN HODGES V. THE STATE.

No. 22146. Delivered June 3, 1942.

The opinion states the case.

*Herbert L. Tuchin*, of Breckenridge, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a man sixty-eight years old, was convicted of the rape of a girl under eighteen years of age, and sentenced to a term of thirty years in the penitentiary.

The indictment contained two counts, one for rape of a female under the age of eighteen years, and the other charging rape by force, threats and fraud.

The girl alleged to have been raped was fifteen years and ten days old at the time of this alleged offense. Her father was dead, and her mother was a seamstress who earned, when able to get work at the W. P. A. sewing room, about $9.00 per week. On the day of the alleged offense the appellant met the little girl, Irene, on the street and gave her a quarter to go to the picture show. The girl testified that she was afraid of him and demurred at accepting the money, but finally accepted the same and went into the show. After the show was over she saw appellant walking back and forth before the show and waited for him to leave in order that she could go home without meeting him. Eventually she started for home, and appellant appeared behind her and told her to come and go with him; at first she refused, but claimed that he said he would kill her if she did not go with him and do as he told her. He followed her, and finally they got to appellant's house, a one room shack, and he told her to pull off her panties; she partially pulled them off and appellant then took them down and pushed her back on the bed, and, holding her hands, he got on top of her and penetrated her private parts with his private parts. She was scared and afraid of him. While appellant was on top of her Mr. Ollie Jackson, the chief of police, broke the door down, and just as he came in appellant got up off

her and his pants were unbuttoned and her pants were off, and she sat up on the bed and was crying.

Mr. Ted. Butler kept a filling station on the road that appellant and Irene traveled going to appellant's shack. His suspicions were aroused because of their actions; the man was following the girl, behind her, and they were talking and stopping, and the way they were walking aroused his suspicions. He followed them a piece, and then came back and called the chief of police, who soon showed up, and they went to appellant's shack and found therein appellant and the little girl, who was on the bed with her pants down, and appellant's pants were unbuttoned.

Doctor Webb testified that he assisted Dr. Wood in examining the girl's private parts, and they were red and irritated, showing that they had been recently tampered with. Dr. Wood testified that they examined her parts and found dead male spermatoza therein; the lips of her vagina were red and irritated; there was a small tear of the hymen, which seemed to have been an old tear; it could have been broken in many ways; it was a small scar, and probably not caused by a male organ; her vagina canal was small; the finding of the spermatozoa in her vagina would indicate that she had been penetrated at least to the vagina.

The girl testified that appellant penetrated her with his private parts.

An attack was made upon the previous chastity of the girl, some of the neighbor ladies testifying as to her having a bad name, and to some of her wayward acts, but none gave her a bad reputation for chastity, save by inference because of her reckless conduct. The girl's good reputation was affirmed by some of her teachers and associates, and a question of fact was thus presented to the jury.

Appellant offered as a defense the fact that the girl expected to meet a soldier down at his shack, and that she willingly accompanied him there, and there found the soldier; that the soldier demanded some beer; that the girl said she would not drink the beer, and the soldier then left. That appellant then started to change his pants, at which time the chief of police and Butler entered and took him away. That he was weak sexually on account of having been blown up by dynamite many

years ago and could not perform a sexual act; nevertheless, under examination of a doctor, it was shown that his sexual parts appeared to be normally nourished. He denied any act as alleged in the indictment. He was shown to be an ex-convict, with different aliases, two prior convictions, and one charge of a similar offense.

The trial court charged the jury relative to the lack of chastity upon the part of the girl, and also upon the necessity for showing penetration, as well as appellant's inability to effect a penetration. He also charged upon force and threats, and submitted to the jury both counts of the indictment.

Appellant's objections to such charge, we think, are not well taken, and do not call for an extended discussion.

The jury returned a verdict finding appellant guilty under both counts in the indictment, and the court then found appellant guilty as charged in the indictment and sentenced him to serve not less than five years nor more than thirty years in the penitentiary.

There was testimony that supported both phases of the indictment, and the trial court instructed the jury on both such phases. Neither count of the indictment is attacked, and the verdict could have been predicated upon either one; both were concerned only with the assault of December 12, 1941, and unquestionably jeopardy would attach and guarantee no further criminal responsibility as to either count. See 12 Tex Jur., p. 565-6.

There are no further exceptions found in the record save those questioning the charge.

We think the evidence is amply sufficient, and that the charge correctly states the law as applied to the facts.

The judgment is therefore affirmed.